FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

2014 MAY 29 P 1: 47

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**Baldino's Lock & Key Service, Inc.**
7000-G Newington Road
Lorton, VA  22079

      Plaintiff

Case No.:  _1:14CV636-CMH-TCB_

  vs.

**Google Inc.**
1600 Amphitheatre Parkway
Mountain View, CA 94043

Serve on:
Corporation Service Company
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, VA   23219

**SuperMedia Sales, Inc.**
2200 West Airfield Drive
PO Box 619810
DFW Airport, Texas 75261

Serve On:
CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA  23060

**Yellowbook Inc. a division of Hibu, Inc.**
210 RXR Plaza
Uniondale NY, 11556

Serve on:
CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA  23060

1

**Ziplocal, LP**
235 E 1600 St, Ste 110
Provo UT  84606-7353

Serve on:
CT Corporation System
4701 Cox Road, Suite 301
Glen Allen, VA  23060

**John Does 1-25**
Addresses Currently Unknown

      Defendants

### *COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND PERMANENT INJUNCTION – FEDERAL LAW VIOLATIONS INCLUDING RACKEETER INFLUENCED AND CORRUPT ORGANIZATION ACT, AND LANHAM ACT VIOLATIONS.*

### *Parties.*

1. Baldino's Lock & Key Service, Inc. (hereafter Baldino's) is a corporation organized under the laws of the State of Virginia and also registered to do business in the State of Maryland and the District of Columbia. It is a locksmith licensed to provide locksmith services in Virginia and Maryland.   It provides locksmith and other security services to businesses and individuals.

2. Defendant Google is a corporation organized under the laws of the State of Delaware and registered to do business in the State of Virginia. It is an internet service provider and search engine.  It is also a publisher of data earning money from advertising sales. It is named a Defendant in this action by reason of its intentional and negligent publication of:  (a) the names, addresses, and telephone numbers of individuals and entities it knows are engaged in criminally fraudulent locksmithing actions, without a

license and contrary to law, and (b) false locations for these individuals and entities on GoogleMaps.

3. Defendant SuperMedia is a corporation organized under the laws of the State of Delaware and registered to do business in the State of Virginia. It is a provider of print and online directory advertising. It earns revenue by selling display and banner advertising. Defendant SuperMedia is licensed to do business in the State of Virginia and is therefore subject to service of process there. It is named a Defendant in this action by reason of its intentional and negligent publication of the names, addresses, and telephone numbers of individuals and entities it knows are engaged in criminally fraudulent locksmithing actions, without a license and contrary to law.

4. Defendant YellowBook, Inc. is a corporation organized under the laws of the State of Delaware and registered to do business in the State of Virginia. It is a provider of print and online directory advertising. It earns revenue by selling display and banner advertising. Defendant YellowBook is licensed to do business in the State of Virginia and is therefore subject to service of process there. It is named a Defendant in this action by reason of its intentional and negligent publication of the names, addresses, and telephone numbers of individuals and entities it knows are engaged in criminally fraudulent locksmithing actions, without a license and contrary to law.

5. Defendant Ziplocal, LP, is a limited partnership organized under the laws of the State of Delaware and registered to do business in the State of Virginia. It is a provider of print and online directory advertising. It earns revenue by selling display and banner advertising. Defendant Ziplocal is licensed to do business in the State of Virginia and is therefore subject to service of process there. It is named a Defendant in this action

by reason of its intentional and negligent publication of the names, addresses, and telephone numbers of individuals and entities it knows are engaged in criminally fraudulent locksmithing actions, without a license and contrary to law.

6. The John Doe Defendants 1-25 are unlicensed locksmiths who are engaged in illegal activity in the two jurisdictions named by providing fictitious addresses and phone numbers to Google and the other Defendants, as if they were licensed locksmiths. This allows them to divert calls and thus market share from locksmiths in the particular geographic areas where they claim a presence and to utilize bait-and-switch methods to greatly overcharge customers to perform work that does not comply with the standards of licensed locksmiths. These individuals are doing business in the Commonwealth of Virginia without license or other regulatory control; they are subject to service in Virginia when their identities are known.

*Notices to Defendants to Cease Tortious and Illegal Activities*.

7. Defendants Google, SuperMedia, Yellowbook, and Ziplocal have been provided specific notices to cease and desist knowingly publishing the names, addresses and phone numbers of fictitious locksmiths who are unlicensed in Maryland and Virginia.

8. These Defendants, in paragraph 7, have taken no effective actions to cease and desist from this practice. See Exhibit A – emails and letters - attached.

*Jurisdiction of this Court*.

9. This Court has jurisdiction under Diversity of Citizenship, 28 USC §1332 and because a federal question is involved as well as federal rights of action, under 28 USC §1331. The jurisdictional amount is exceeded as pled herein.

*Venue*.

    10. Venue is appropriate in this Court under 28 USC §1391.

*Federal Statutes at Issue in this Case*.

    11. The Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C.A. §
1965(a) et seq.

    12. The Lanham Act, 15 U.S.C.A. § 1125(a)(1)(B).

    13. 18 U.S.C.A. § 1341 and 18 U.S.C.A. § 1343, the Federal mail and wire fraud statutes.

    14. Communications Decency Act of 1996 Section 230, 47 U.S.C.A, §230.

*State Statutes at Issue in this Case*.

    15. The State criminal statutes for locksmiths in Maryland and Virginia: VA Code Sec.
9.1-138 et seq; Maryland Code, Business Regulation, §12.5-505.

*Facts Specific to Plaintiff and Its Actions*.

    16. Plaintiff Baldino's and other similarly situated licensed locksmiths in Maryland and
Virginia have made significant investments in their companies in terms of facilities,
the training of their personnel, and required licensing. They charge for locksmithing
services at fair rates to recover the costs of running their businesses and earn a fair
profit.

    17. Plaintiff has, in writing, suggested the following corrective actions to Defendants but
has been ignored:

a.  Compare locksmiths whose names they are publishing online with the official lists of licensed locksmiths for Virginia and Maryland provided by the Department of Criminal Justice Services (VA) and Department of Labor, Licensing and Regulation (MD).  These official lists of licensed locksmiths for Maryland and Virginia are both available to the general public. All Defendants need do is delete all names they are publishing that are not on the official legal list, and do this at least once a month.  That would virtually eliminate the illegal activity of the Defendants in this suit.  A simple computer check could do this automatically each month.

b.  Validate that a business is presenting accurate information to be published. This validation may involve something as simple as a phone call asking for an in-person visit to duplicate a key at their location and whether the response is that the location is closed or is a dispatch point.

c.  Validation can also occur by actually sending an employee or representative to a locksmith location to see if the purported locksmith is really located, as claimed, at that location.

d.  Google and the other named Defendants could easily charge a fee to cover verification costs for a listing to be properly published.  They are earning revenue from these listings as described in this suit.

**_Facts Specific to Defendant Google_**.

18. Google knows that the names of locksmiths in Maryland and Virginia it is publishing are fraudulent and illegal because:

6

(a) Google has been repeatedly put on notice of this [See Exhibit A], and;

(b) As stated, Google can independently determine, online and automatically, that it is engaged in publishing the names of illegally operating locksmiths: As of the filing of this suit, there are 150 licensed locksmiths in the State of Maryland, yet Google is publishing over 400 names of purported locksmiths with ostensible locations in Maryland. There are 325 licensed locksmiths in the State of Virginia, yet Google is publishing over 1,000 names of purported locksmiths with ostensible locations in Virginia.

(c) Thus, Google knows full well that it is publishing hundreds of names of locksmiths who are performing those services illegally, yet it continues to do so.

19. Defendant Google earns revenue by selling Adwords (pay per click), whereby an advertiser can be listed at the top or side of the page prominently before the free listings to gain an advertising advantage.

20. Google earns additional revenue by enticing paying advertisers to counter the falsely placed map pin points or false web pages with purchase of Google's Adwords (pay per click made to Google) to counter the placed fictional listings allowed by Google's lax validation methods.

21. Exhibit B annexed hereto, relating to Google Adword solicitations, shows Google soliciting advertising revenue for itself from Plaintiff and others similarly situated for providing incentives for those signing up for Google Adwords to counter fraudulent geographic specific listings of map pin points and web page referrals.

22. Google is aiding and abetting a fraud by also providing an enhanced platform far

beyond the three line listing submitted, now allowing pictures, reviews, and map locations with pinpoints, creating a picture of legitimacy for an illegal and fraudulent listing.

23. Google has its own policy and procedure statements, which it is violating by not ridding itself of the illegal locksmiths' listings and advertisements (See Exhibit D).

24. Google's actions and those of the other Defendants are damaging to the general public as well. Locksmiths are licensed because they are engaged in security activities and deal with people who are placing in them trust and confidence for providing security services to them and their families. By knowingly aiding and abetting fraudulent locksmiths, Google's and the other Defendants' activities impair the security and financial well-being of members of the public who deal with said locksmiths.

### *Facts Specific to John Doe Defendants.*

25. The John Doe Defendants in this suit earn revenue by illegally poaching market share from licensed locksmiths by using fraudulent listings published by the search engines and directories, which the search engines and directories continue to publish knowing that these John Does are in violation of state criminal laws. The names and addresses of the John Does are fictional—unfortunately their phone numbers work.

26. The John Doe Defendants are utilizing Defendants Google, Yellowbook, SuperMedia, and Ziplocal to lure unsuspecting individuals, in a geographic area that appears to be close to where they need locksmithing services, to call them.

27. In fact, the John Doe Defendants are not licensed locksmiths, are not in the geographic area where they claim to be located, and are engaged in tortious and illegal activity to

take advantage of the general public by providing, for example, overpriced incompetent services by means of bait-and-switch tactics.

## *Facts Specific to Defendants Yellowbook, SuperMedia, and Ziplocal.*

28. Defendants Yellowbook, SuperMedia, and Ziplocal, have been repeatedly advised that they are illicitly earning revenue by publishing the names of individuals who are not licensed as locksmiths. They are aiding and abetting criminals by their lax placement in their directories of illegal listings, many times actually purchasing a list of fictional locksmiths from a data provider such as Acxiom and InfoUSA.

29. The Defendants identified in paragraph 28 have easy access to accessible lists of licensed locksmiths maintained by both the States of Maryland and Virginia. The chart annexed hereto as Exhibit C shows the small number of licensed locksmiths in the two states.

30. The Defendants identified in paragraph 28 have been specifically notified of their practice of displaying and publishing lists of unlicensed locksmiths with false locations and have failed to cease and desist from doing so.

31. The Defendants identified in paragraph 28 are earning revenue by publishing these names of unlicensed locksmiths. By adding unlicensed and fictional competition, they are able to derive more money for charged advertising, which they do.

32. Many of the Defendants identified in paragraph 28 also publish their list of locksmiths from a list they have purchased from a data provider such as Acxiom or InfoUSA without confirming the accuracy of the list they purchased. Having purchased the list,

they are now responsible for the listing's content. In any event, as shown above, they have a ready source of information to screen out the unlicensed locksmiths.

33. The Defendants identified in paragraph 28 publish the information concerning the locksmith businesses, in many cases ignoring the fact that the listings violate state laws, such as non-licensure by the state, breaking of consumer protection codes (use of false address), no state sales tax ID number (required in order to do business), and no fictional trade name filing. All of the above are punishable by fines and penalties, as they are illegal and in violation of state laws.

34. The listings are inserted on purpose and by design by the Defendants listed in paragraph 28 in order to create a false sense of competition. This is done in order to prompt advertisers to spend more money to rise above the planted competition.

35. In most cases, the violating Defendants listed in paragraph 28 place these listings for free. They thereby participate in the placement of listings, assisting in fraud to meet their own financial goals of creating fictional competition.

36. In many cases, the Defendants Yellowbook, SuperMedia, and Ziplocal are not monitoring changes made to a current legal listing, enabling piracy to occur as a fraudulent locksmith claims the name and address of a legal listing but adds a different number, thus intercepting a call intended for the legal listing.

### *Non-application of the Communications Decency Act ("CDA"), Section 230.*

37. The CDA provides for immunity to internet service providers in certain circumstances.

38. The CDA does not apply to the activities of the Defendants which are pled in this complaint.

39. The Defendants are in violation of federal criminal law, federal law of intellectual property, and they are engaged in a fraud. The following exception to immunity under Section 230 in the CDA therefore applies.

47 USC §230 (e)  provides as follows:

(e) **Effect on other laws**
(1) **No effect on criminal law**
Nothing in this section shall be construed to impair the enforcement of section 223 or 231 of this title, chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of title 18, or any other Federal criminal statute.
(2) **No effect on intellectual property law**
Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property.

40. In addition, the Defendants are originators of published material. They are realizing advertising revenue from publishing the materials on the internet by collecting pay-per-click for individuals who wish to overcome the multitude of incorrect listings of locksmiths.   In addition, they are collecting revenue by selling banner ads, enhanced listings, and display ads which are larger.

41. The Defendants are jointly and severally liable for their violations of federal law and they are not exempt by the CDA from responsibility for their activities.

***Causes of Action***.

## *COUNT 1*
## *RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT ACTION*

42. Plaintiff repeats and realleges each of the allegations in paragraphs 1-41 above as if fully set forth herein.

*Jurisdiction and Venue For This Count*.

43. This Court has jurisdiction over the subject matter of this Count and action pursuant to Section 1332 of Title 28. As noted above, none of the Defendants are citizens of this state nor have their principal place of business in this state. The amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, this Court has jurisdiction over the claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C.A. § 1965(a) and the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(B), which involve federal questions, 28 USC §1331.

44. This Court has venue because the Plaintiffs and the Defendants are located in and doing business in the Eastern District of the Commonwealth of Virginia. In addition, all Plaintiffs and Defendants did and continue to do business in the Eastern District of the Commonwealth of Virginia, have made contracts to be performed in whole or in part in the said District of the Commonwealth of Virginia, and have performed such acts as were intended to, and did, result in the sale and distribution of information, services and products in the said District of the Commonwealth of Virginia. All Defendants have violated federal statutes and caused tortious injury by acts or omissions in the Eastern District of the Commonwealth of Virginia. All Defendants have transacted their affairs in this district for the purposes of the venue provision of RICO, 18 U.S.C.A. § 1965(a).

### *Additional Facts Specific to RICO Count*

45. For years, and continuing to date, Defendants have engaged in a conspiracy to mislead, deceive, and confuse the public, resulting in damage to the Plaintiff. The services and products of Defendants are distributed in trade or commerce.

46. Plaintiffs seek both economic damages and injunctive and declaratory relief for the conduct alleged in this Count of the Complaint.

47. Each Defendant is sued individually as a primary violator and as an aider and abettor. In acting to aid and abet the commission of the fraud and other wrongful conduct complained of, each Defendant acted with an awareness of the fraud and other wrongful conduct of the John Doe Defendants. Each Defendant rendered substantial assistance or encouragement to the accomplishment of that fraud and was aware of its overall contribution to the conspiracy, scheme, and common course of wrongful conduct alleged in this complaint.

48. Each Defendant is sued as a co-conspirator with the John Doe Defendants. The liability of each Defendant arises from the fact that each such Defendant entered into an agreement with the John Doe Defendants and other third parties to knowingly pursue the common course of conduct to commit or participate in the commission of all or part of the unlawful acts, plans, schemes, transactions, and artifices to defraud alleged in this complaint.

49. Defendants did and continue to do business throughout the States of Maryland and Virginia and co-extensively with areas serviced by the Plaintiff, and Defendants have

performed such acts as were intended to, and did, result in the sale and distribution of erroneous data from which Defendants derived substantial revenue.

50. By virtue of Defendants' affirmative misconduct, as more specifically described in the paragraphs above, Plaintiff has been damaged.

51. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer substantial injuries and damages for which Plaintiff is entitled to recovery and for which Defendants are jointly and severally liable. Plaintiff has suffered loss of business revenue from 2008 to date of $8,834,869.

52. This claim for relief is asserted against each of the Defendants, and arises under 18 U.S.C.A. § 1962(c) and 18 U.S.C.A. § 1962(d) of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO").

53. At all relevant times, each of the Defendants was a "person" within the meaning of 18 U.S.C.A. § 1961(3), as each of the Defendants was "capable of holding a legal or beneficial interest in property."

54. At all relevant times, all Defendants, among themselves and individually, each constituted an "enterprise" within the meaning of 18 U.S.C.A. § 1961(4). Each enterprise is an ongoing organization. Each enterprise has an ascertainable structure and purpose beyond the scope of Defendants' predicate acts and their conspiracy to commit such acts. The purpose and function of each enterprise is to maximize sales of unlicensed and illegal locksmith services. Each enterprise has engaged in, and its activities have affected, interstate and foreign commerce.

55. Each Defendant has been associated with each of these enterprises. Each Defendant helped to direct each enterprise's actions and manage its affairs. Each Defendant conducted or participated, directly or indirectly, in the conduct of each enterprise's affairs through a pattern of racketeering activity in violation of 18 U.S.C.A. § 1962(c). Defendants' pattern of racketeering activity dates from at least 2008 and continues to the present, and threatens to continue in the future. Defendants' multiple predicate acts of racketeering include:

56. Mail and wire fraud, in violation of 18 U.S.C.A. § 1341 and 18 U.S.C.A. § 1343. Defendants engaged in schemes to defraud members of the public. Those schemes have involved suppression of information regarding truthful business names and addresses before and after notification, as well as fraudulent misrepresentations and omissions reasonably calculated to deceive persons of ordinary prudence and comprehension. Defendants executed or attempted to execute such schemes through the use of the United States mails and through transmissions by wire, radio, and television communications in interstate commerce.

57. Information was disseminated or transmitted by Defendants and their agents as part of a fraudulent scheme to mislead the public. On information and belief, Defendants used the mails and wires to disseminate and transfer information.

58. Defendants' marketing and promotional activities, communicated to the public nationwide in newspapers, magazines, and other periodicals, as well as over the internet, were designed to deceive the public.

59. Defendant Google has specifically misrepresented to the Virginia Legislature that it is taking action to solve these fraudulent locations of locksmith services, knowing that it

has done no such thing. It has acted to deceive the Legislature to perform its public functions (See letter to Delegate Massie, Exhibit A).

60. Defendants are engaging in interstate or foreign travel in aid of racketeering activities, in violation of 18 U.S.C.A. § 1952.

61. The acts of Defendants form a "pattern" of racketeering activity. These acts have had the same or similar purposes, results, participants, victims, and methods of commission. The acts have been consistently repeated and are capable of further repetition.

62. Each Defendant also conspired to violate 18 U.S.C.A. § 1962(c), in violation of 18 U.S.C.A. § 1962(d).

63. Plaintiff has been injured in its business and property by reason of Defendants' violations of 18 U.S.C.A. § 1962(c) and 18 U.S.C.A. § 1962(d), because Plaintiff has suffered a significant loss of business to the fraudulent locksmiths. In the absence of Defendants' violation of 18 U.S.C.A. § 1962(c) and 18 U.S.C.A. § 1962(d), these business losses would have been avoided. Under the provisions of 18 U.S.C.A. § 1964(c), Plaintiff is entitled to bring this action and to recover damages of three times the actual damages of $8,834,869, the costs of bringing this suit, and reasonable attorney's fees.

## COUNT 2
### INVESTMENT OF PROCEEDS OF RACKETEERING ACTIVITY

64. Plaintiff restates and incorporates all the preceding paragraphs of this Complaint herein.

65. This claim for relief is asserted against each of the Defendants, and arises under 18 U.S.C.A. §1962(a) and 18 U.S.C.A. § 1962(d) of RICO.

66. At all relevant times, each Defendant was a "person" within the meaning of 18 U.S.C.A. § 1961, as each Defendant was "capable of holding a legal or beneficial interest in property."

67. At all relevant times, each of the Defendants together with the John Doe Defendants and other unlicensed locksmiths have constituted an enterprise within the meaning of 18 U.S.C.A. § 1961(4) or, in the alternative, each Defendant has constituted an enterprise within the meaning of 18 U.S.C.A. § 1961(4). Each enterprise is an ongoing organization. Each enterprise and its activities have an effect on interstate commerce, in that the enterprise is engaged in the business of maximizing the sales of illegal locksmith services, often carried on across state lines.

68. Defendants have engaged in a pattern of racketeering activity which dates from 2008 through the present, and threatens to continue in the future. Defendants' multiple predicate acts of racketeering are set forth in Counts 1 and 2.

69. These racketeering acts generated income for Defendants because of the perceived relevancy of information being all-encompassing and complete. In fact the information published is riddled with false information. The search engines and directories propagate this information so that the public will use their product and so that businesses would advertise to counter the competition and create an income stream for Defendants at the expense of consumers and advertisers.

70. Defendants have used or invested their illicit proceeds, generated through the pattern of racketeering activity, directly or indirectly, in the acquisition of an interest in, or the establishment or operation of, each enterprise in violation of 18 U.S.C.A. § 1962(a). Defendants' use and investment of these illicit proceeds in each enterprise is for the specific purpose and has the effect of controlling the material information distributed to the public concerning locksmith services.

71. Each Defendant also conspired to violate 18 U.S.C.A. § 1962(a), in violation of 18 U.S.C.A. § 1962(d).

72. Plaintiff has been injured in its business and property by reason of Defendants' violations of 18 U.S.C.A. § 1962(a) and 18 U.S.C.A. § 1962(d), in that Plaintiff has suffered a substantial loss of business revenue. Under the provisions of 18 U.S.C.A. § 1964(c), Plaintiffs are entitled to bring this action and to recover treble damages, the costs of bringing this suit, and reasonable attorney's fees.

## COUNT 3
## DECEPTIVE AND FRAUDULENT ADVERTISING UNDER THE LANHAM ACT

73. Plaintiff repeats and realleges each of the allegations in paragraphs 1-72 as if fully set forth herein.

74. Defendants are offering locksmith services in a deceptive and fraudulent manner, causing Internet users to falsely believe that the John Doe Defendants and similarly situated parties are offering licensed locksmith or legal business services in Maryland, Virginia, and the District of Columbia.

75. Plaintiff seeks relief from Defendants' willful and continuing violations of the law which are impacting its business and diminishing it. In response to Plaintiff's objections, Defendants have continued to engage in these violations in blatant disregard of Plaintiff's established rights.

76. The true names and capacities of Defendants sued in this Complaint as DOES 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Each of the Defendants designated in this Complaint as a DOE is legally responsible in some manner for the unlawful acts referred to in this Complaint. Plaintiff will seek leave of the Court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES 1 through 25 when such identities become known.

77. On information and belief, Defendants operate an online Web directory via the Internet.

78. Defendants are all providing listings for thousands of locksmith services providers, when, in fact, there are only 150 licensed locksmith services providers in the State of Maryland and 325 licensed locksmith services providers in the State of Virginia.

79. Upon information and belief, Defendants profit from their use of the names of unlicensed locksmiths.

80. Upon information and belief, at the time that Defendants utilized the names of unlicensed locksmiths, they did so in bad faith to the detriment of the reputation and goodwill of licensed locksmiths in Maryland, Virginia and the District of Columbia.

81. Upon information and belief, Defendants intentionally, knowingly and willfully misrepresented to the public that the names it was providing were legitimate locksmiths, when they were not.

82. Defendants' use of the listings of unlicensed locksmiths, knowingly and intentionally, if permitted to continue, will irreparably injure Plaintiff and its reputation and goodwill associated with being a licensed locksmith.

83. Defendants' actions have already caused, and are likely to continue to cause confusion, falsely suggest or use deception as to the source or origin of Defendants' goods and services, and are likely to suggest falsely a sponsorship, connection, location, license, or association with Plaintiff's goods and services.

84. Defendants' actions described above have diluted and tarnished, and will continue to dilute and tarnish, the distinctiveness of Plaintiff's licensed locksmith services.

85. By engaging in the above described activities, Defendants have made false and misleading representations of fact to the public, all in violation of § 43(a)(1)(B) of the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(B).

86. As a direct and proximate result of the actions, conduct, and practices of Defendants alleged above, Plaintiff has been damaged and will continue to be damaged.

87. Plaintiff has no adequate remedy at law.

88. Defendant's actions in this suit individually and together are false and misleading misrepresentations with the intent to deceive the public and are thereby violations of the Lanham Act. Defendants have all engaged in false advertising practices.

89. There is no requirement in the Lanham Act that a Defendant, as here, have specific knowledge or specific intent to harm an individual victim or defraud that individual victim. Intent to harm specific individuals is not an element of proof for false advertising under the Lanham Act.

90. The advertising being conducted by all Defendants here is done on a very large scale, and those personnel involved in producing and authorizing the false advertising alleged herein are largely unknown, until discovery is commenced.

91. Plaintiff has no adequate remedy at law.

## *REQUEST FOR RELIEF*

WHEREFORE, Plaintiff requests relief and a judgment against Defendants, jointly and severally, as follows:

1. For injunctive and declaratory relief:

   a. Ordering removal of all false and fraudulent locksmith listings from their search engines/directories in the State of Virginia, State of Maryland, and the District of Columbia.

   b. Declaring that Defendants have violated the provisions of the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C.A. §§ 1961 et seq.

   c. Enjoining Defendants and their respective successors, agents, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from engaging in conduct violative of 18 U.S.C.A. §§ 1961 et seq.

2. Awarding damages and compensation to Plaintiffs for past and future damages, including but not limited to, expenditures and lost profits caused by Defendants' actions in violation of any laws, together with interest and costs.

3. Ordering prejudgment and postjudgment interest, as provided by law.

4. Awarding punitive damages in an amount to punish Defendants and to deter future conduct.

5. Order treble damages pursuant to 18 U.S.C.A. § 1964(c).

6. Awarding Plaintiff reasonable attorney's fees and costs.

7. Granting such other and further relief as this Court may deem equitable, just, and proper.

**_Jury Demand_**.

Plaintiff demands a trial by jury on all issues and all counts to the extent permitted by law.

Andrew C. Bisulca, Esq.

Respectfully submitted,

Andrew C. Bisulca, Esq.
Virginia State Bar No. 20131
Law Office of Andrew C. Bisulca, P.C.
3174 Golansky Boulevard, Suite 101
Woodbridge, VA 22192
Phone: 703-763-3951
Fax: 571-222-1008
Email: abisulca@ablawoffices.com

and

Donald C. Holmes, *pro hac vice* applicant
Of Counsel
D.C. Bar: 137414
Donald C. Holmes & Associates, P.A.
110 Mill Street, P. O. Box 279
Greensboro, MD 21639
Phone: 410-482-9505
Fax: 443-782-0362
Email: dch@dcholmes.com

Dated: May 29, 2014