```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION
_____

BALDINO'S LOCK & KEY              )
SERVICE, INC.,                    )
                                  )  Case No. 1:14-cv-636
          Plaintiff,              )  Alexandria, Virginia
                                  )
     v.                           )  October 31, 2014
                                  )  9:55 a.m.
GOOGLE, INC., et al.,             )
                                  )
          Defendants.             )
_____



                        TRANSCRIPT OF HEARING

               BEFORE THE HONORABLE CLAUDE M. HILTON

                    UNITED STATES DISTRICT JUDGE




APPEARANCES:

  For the Plaintiff:       Andrew C. Bisulca, Esq.
                           Donald C. Holmes, Esq.
                           Mark Baldino


  For the Defendants:      Taylor T. Lankford, Esq.
                           Kathleen E. McCarthy, Esq.
                           Carolyn Sweeney, Esq.
                              (Google, Inc.)
                           Dennis J. Quinn, Esq.
                              (Ziplocal, LP)
                           Kevin J. Daniel, Esq.
                              (hibu, Inc./Yellowbook)

  Court Reporter:          Tracy L. Westfall, RPR, CMRS, CCR
Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.
```

```
 1                     P R O C E E D I N G S
 2            THE CLERK:  Civil action 2014-636, *Baldino's Lock & Key
 3   Service v. Google, Inc., et al.*
 4            Counsel, please note your appearances for the record.
 5            MR. HOLMES:  Good morning, Your Honor.  For Plaintiff
 6   Baldino's, it's Don Holmes for the plaintiff.  I will argue.  I
 7   also have with me my local counsel, Andrew Bisulca, and Mark
 8   Baldino, who is the president of Baldino's.  Thank you.
 9            THE COURT:  Good morning.
10            MS. MCCARTHY:  Your Honor, for Defendant Google,
11   Kathleen McCarthy.  And I also have my local counsel, colleagues
12   at my firm, Taylor Lankford and Carolyn Sweeney.
13            THE COURT:  All right.  Good morning.
14            MR. QUINN:  Good morning, Your Honor.  Dennis Quinn on
15   behalf of Defendant Ziplocal.
16            MR. DANIEL:  Good morning, Your Honor.  Kevin Daniel on
17   behalf of Defendant hibu/Yellowbook.
18            THE COURT:  Good morning. This comes on on the
19   defendants' motion?
20            MS. MCCARTHY:  Excuse me, Your Honor?
21            THE COURT:  This comes on on your motion?
22            MS. MCCARTHY:  It's actually plaintiff's motion to
23   amend its complaint.  There are two separate motions to amend
24   plaintiff's complaint.  It's the defendants' position that the
25   amendment should not be allowed because the -- it's futile, Your
```

1  Honor, for the plaintiff to proceed with its claims.
2          THE COURT:  Well, don't you have a motion to dismiss
3  on?
4          MS. MCCARTHY:  Google does not, Your Honor.  Google has
5  two separate motions -- two separate oppositions to plaintiff's
6  two motions to amend.
7          THE COURT:  Oh, all right.
8          MS. MCCARTHY:  Do you want to hear from plaintiff first
9  on its motions to amend or from Google as to why plaintiff
10 should not proceed on its motions to amend?
11         THE COURT:  Well, I think I ought to hear from him
12 first.  All right.
13         MS. MCCARTHY:  Thank you.
14         MR. HOLMES:  Thank you, Your Honor.
15         I think there is a little bit of confusion on the
16 motion to amend or, at least, debate between counsel.  We think
17 that the original motion to amend the first time was granted,
18 and it's the second motion to amend that's up this morning that
19 we've asked for leave to amend on.  But I don't think it's a
20 great deal of difference one way or the other.
21         The second amended complaint that we filed is, we
22 believe, responsive to most, if not all, of the things that were
23 raised in the first two motions to dismiss that have been filed
24 by the other parties.
25         We made a decision, Your Honor, to respond to the

1  motions to dismiss and a summary judgment motion by amending the
2  complaint. It's early in the litigation. There's been no --
3  there's been no answers by any party. It seemed like it was an
4  efficient use of everybody's resources to get the facts pleaded
5  as we know them, and that's what we've done. The rules provide
6  for a liberal amendment, and we think the amendment should be
7  granted.
8          THE COURT: All right.
9          MS. MCCARTHY: Well, Your Honor, from Google's point of
10 view, the plaintiff did not ever respond to the two opposition
11 briefs that Google filed on the motion to amend, both of which
12 pointed out some relatively obvious errors in the complaint.
13         One is they've added in the caption Google Information,
14 Inc., and the complaint, neither amended complaint, contains any
15 allegations with respect to Google Information, Inc. So I'm not
16 sure why that entity is in the pleading at all. That's an
17 example of one of the problems.
18         Essentially, what plaintiff is trying to do is to hold
19 Internet service provider intermediaries responsible for what
20 plaintiff sees as a problem with unlicensed locksmiths
21 performing locksmithing activity in Virginia and Maryland where
22 you have to have a license to perform locksmith activities.
23         Section 230 of the Communications Decency Act provides
24 broad immunity for an Internet service provider like Google to
25 run its business in the way Google wants to run its business.

1  Google has, obviously, incentives for ensuring that accurate
2  information is on the Google services, but Google does not have
3  an obligation to go and investigate every third party who posts
4  information on the Google platform.
5          And the law is clear, if you look at the opposition
6  papers that we've filed, the law is clear in the Fourth Circuit
7  and elsewhere that the Section 230 immunity is broad and robust.
8          What plaintiff has attempted to do and failed with its
9  first amended -- with its original complaint, its first amended
10 complaint, and its second amended complaint is to try to drum up
11 some claims that would get around this broad immunity.
12         There are two things that plaintiff could allege to get
13 around the immunity, not a state law violation.  The law is
14 clear that state law violations adds up to this -- that that is
15 not something that gets you around the Section 230 immunity.  It
16 has to be a federal criminal law violation or an intellectual
17 property law violation, neither of which is what's going on
18 here.
19         There is a RICO claim purported to be alleged in the
20 complaint, Your Honor, and I suggest that you take a look at the
21 allegations in the complaint and see how implausible they are.
22 There is no fraud by Google that's been alleged with any
23 particularity.  In fact, the allegations in the complaint make
24 clear that plaintiff is aware that there are third parties who
25 are perhaps taking advantage of Google's servers and posting

1  information that's inaccurate.  That's not something that Google
2  can be held liable for, and it's certainly not something that
3  amounts to a RICO violation by Google.
4        Similarly, on the Lanham Act claim, Your Honor, nowhere
5  in the complaint is there any reference to any false advertising
6  by Google.  If you look at our papers, you'll see also that
7  there's a serious question as to whether false advertising would
8  fall within this intellectual property exception under Section
9  230.
10        So I think it's fairly clear and the law is also clear,
11  Your Honor, that with a claim against an Internet service
12  provider like this where a plaintiff is to trying to hold an
13  intermediary responsible for the acts of third parties, Section
14  230 is extremely robust.
15        And when the claims are claims like the claims that are
16  asserted in this case, the Court should not permit plaintiff
17  multiple opportunities to amend its complaint because that just
18  does away -- the whole purpose of Section 230 is to allow an
19  Internet service provider like Google to run its business
20  without fear and to take actions voluntarily that Google wants
21  to take and needs to take to ensure that its service-providing
22  efforts are accurate and that people want to use Google.
23        But any voluntary efforts that Google takes are not
24  something that plaintiff can then -- someone like the plaintiff
25  can then come around and say it's not enough.  I need Google to

1  hire 10,000 people to go out and check every physical address
2  that appears on Google Maps to make sure that anyone that's
3  listed there who has posted something claiming they're a
4  locksmith at that location is actually physically there.
5           That's not required by the law, Your Honor, and I think
6  the law is extremely clear on that.  The law is also clear that
7  Section 230 would apply fully in a case like this.  Thank you.
8           THE COURT:  All right.  Anybody else want to address
9  this issue?
10          Well, I believe under the circumstances and as early as
11 it is in this case that even if I agreed with your position, I
12 ought to let this second amended complaint be filed so I can
13 look at it on a motion to dismiss and properly rule on it.
14          I'll grant the motion to file the second amended
15 complaint.
16          Has that already been filed?  Was that filed with your
17 motion?
18          MR. HOLMES:  I'm sorry?
19          THE COURT:  Is the second amended complaint filed with
20 your motion?
21          MR. HOLMES:  Yes, it is, Your Honor.
22          THE COURT:  All right.  Well, I'll allow it to filed.
23          You want some additional time or have you adequately
24 responded to the thing?  We can set this down and deal with the
25 motion to dismiss.

```
 1              MS. MCCARTHY:  I believe that my papers could be
 2   quickly turned into a motion to dismiss or if you want to take
 3   them as a motion to dismiss, because I have addressed the
 4   arguments I think I need to make on the second amended
 5   complaint.  So it's up to Your Honor.
 6              THE COURT:  Do you want your motion to dismiss --
 7              MS. MCCARTHY:  My motion --
 8              THE COURT:  -- apply to his --
 9              MS. MCCARTHY:  -- my motion --
10              THE COURT:  -- complaint that was just filed?
11              MS. MCCARTHY:  His -- no, Your Honor.  Your Honor, we
12   have addressed the -- we have not yet filed a motion to dismiss.
13   Google has not.
14              THE COURT:  All right.
15              MS. MCCARTHY:  We have filed --
16              THE COURT:  Well, file one within ten days and let's
17   get this set down and get it determined.
18              MS. MCCARTHY:  Then, Your Honor, the other issue is
19   what happens with the other deadlines that have been set in the
20   case?
21              THE COURT:  We don't have to worry about that.
22              MS. MCCARTHY:  Well, we have disclosures that are due
23   in 14 days.  We have --
24              THE COURT:  Well, you're just going to have to go ahead
25   and do that then.
```

```
 1            MS. MCCARTHY:  Okay.  And discovery is going to close
 2   within a month, I think.  Right?  We have to serve our
 3   initial -- the case is on a fast track.
 4            THE COURT:  And no answer's been filed?
 5            MS. MCCARTHY:  No answer's been filed, Your Honor.  The
 6   defendants all believe that the second amended complaint is a
 7   futile complaint and will be dismissed on a motion to dismiss.
 8            THE COURT:  All right.  I'll stay discovery in this
 9   thing until such time as I rule on that motion to dismiss.
10            When are we going to hear that?
11            MS. MCCARTHY:  When would Your Honor like to hear it?
12            THE COURT:  Well, that's not the issue.  Which Friday
13   do you want to hear it?  I'm not sure I'm anxious to hear
14   anything, but I'll be glad to hear it whenever you want to hear
15   it.  You want --
16            MS. MCCARTHY:  Can we confer and propose --
17            THE COURT:  -- two weeks?
18            MS. MCCARTHY:  I think two weeks might work.  I have to
19   check my calendar, Your Honor.  I might -- is that the week of
20   November 11th?
21            THE COURT:  I don't know.
22            MS. MCCARTHY:  I'm not going to be available that
23   particular week, but the week after would work, like the 18th.
24            THE COURT:  Notice it and set it down promptly.
25            MS. MCCARTHY:  Will do, Your Honor.
```

```
 1            MR. HOLMES:  We will.
 2            THE COURT:  What else?  Do I have anything to deal with
 3    this morning?
 4            MR. DANIEL:  Your Honor, just to clarify, briefly.
 5            The ten days to file a motion to dismiss the second
 6    amended complaint is for all defendants?  We haven't filed one
 7    for the second amended complaint either.
 8            THE COURT:  Ten days is of plenty time to set a motion
 9    you filed before, isn't it?
10            MR. DANIEL:  Yes, sir.  Just wanted to make sure it was
11    all defendants.
12            MR. HOLMES:  And I may respond, Your Honor, if I do it
13    quickly?
14            THE COURT:  Yes.
15            All right.  Thank you.
16            * * *
17       (Proceedings concluded at 10:14 a.m.)
18
19
20
21
22
23
24
25
```

1  CERTIFICATION

2

3       I certify, this 23rd day of June 2015, that the
4  foregoing is a correct transcript from the record of proceedings
5  in the above-entitled matter to the best of my ability.

6

7                              /s/
                   _____
8                   Tracy Westfall, RPR, CMRS, CCR